14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James D. SHEPHERD, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, DEPARTMENT OF VETERANS AFFAIRS;
Disabled American Veterans, Defendants-Appellees.
 No. 93-5769.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 James D. Shepherd, pro se, appeals a district court order granting the defendants' motions to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The defendants are the Department of Veterans Affairs (VA) and the Disabled American Veterans (DAV). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his initial complaint, Shepherd alleged that the VA and its employees took part in a conspiracy with the office of DAV to discriminate against him on the basis of his handicap by providing him benefits for his "impairment of the mind" that are "not as effective" as those benefits provided to veterans with physical impairments. Shepherd demanded costs and actual damages caused by the alleged discrimination, along with $20,000 in punitive damages from each of the defendants. The record reveals that Shepherd has received disability benefits since 1968 and, after several appeals over the years, was eventually awarded a 100% disability rating for post-traumatic stress disorder related to his service, made retroactive to May 23, 1989.
 
 
 3
 After reviewing Shepherd's initial complaint and the defendants' initial motions for dismissal based on lack of subject matter jurisdiction, the district court ordered the plaintiff to amend his complaint and to support it with an appropriate memorandum of law addressing the jurisdictional question. Shepherd then complied with this order, filing an amended complaint in which he claimed that he was being denied certain benefits in violation of the 1973 Rehabilitation Act, 29 U.S.C. Sec. 794, and in violation of his equal protection and due process rights under the Constitution, based on the fact that his impairment is of a psychiatric nature and not of a physical nature. He also alleged that his federal cause of action was cognizable under 42 U.S.C. Secs. 1981, 1983, 1985 and 1986.
 
 
 4
 The matter was referred to a magistrate judge, who recommended that the defendants' motions to dismiss should be granted. The district court rejected a portion of this first report that relied on 38 U.S.C. Sec. 511 as a jurisdictional bar to review the claim. See Traynor v. Turnage, 485 U.S. 535 (1988). After further discovery and additional consideration, the magistrate judge issued a second report and recommendation, determining that the Rehabilitation Act could not form a basis for Shepherd's claim in the district court in order that the jurisdictional defect could be cured. The district court adopted the magistrate judge's second report in its entirety, granting the defendants' motions to dismiss by order entered May 26, 1993.
 
 
 5
 On appeal, Shepherd argues that Secs. 1981, 1983 and 1985 confer jurisdiction upon the district court to hear his claim. He also repeats his argument that jurisdiction may be based upon his allegation of a violation of the Rehabilitation Act and on a violation of the Americans with Disabilities Act, found at 42 U.S.C. Sec. 12101(b)(3) and (b)(4). In his brief, Shepherd lists four "requests" regarding the specifics of his award of compensation and benefits, including a request for the defendants to explain why he was not assigned a permanent total disability rating retroactive to 1968, rather than 1989, for his "combat wounds." Shepherd also complains that the district court erred by failing to provide him with counsel and by failing to assign him an "auxiliary aid" pursuant to 28 C.F.R. Sec. 39.160(2)(i). He repeats his request for such an aid to assist him on appeal and also moves this court for the appointment of counsel.
 
 
 6
 This court reviews de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Ang v. Proctor & Gamble Co., 932 F.2d 540, 544 (6th Cir.1991). Whether a district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is also a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 7
 The magistrate judge and district court properly found that jurisdiction is not conferred upon the district court by Shepherd's claim under the Rehabilitation Act. As stated by the Supreme Court in Traynor, 485 U.S. at 545, the Act does not require that any benefits extended to any one category of handicapped persons also must be extended to all other categories of handicapped persons. Likewise, the district court lacked jurisdiction to consider the claims under 42 U.S.C. Secs. 1981, 1983 and 1985. Shepherd has not shown that he was subject to discrimination on the basis of an alleged racial animus or that he was discriminated against in the formation or enforcement of a contract, as required to state a claim under Sec. 1981. See Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Likewise, Shepherd has failed to show that a "state action" was involved in order to state a claim under Sec. 1983, or to show that he was a victim of a class-based invidious discriminatory animus in order to show a violation under Sec. 1985. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Moreover, any allegations that the defendants conspired against him are conclusory, without specific facts to support this claim. Therefore, this conclusory allegation of conspiracy is insufficient to state a Sec. 1985 claim. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 8
 For the first time, on appeal, Shepherd alleges that jurisdiction is conferred on the district court based on the claim that the defendants violated the Americans with Disabilities Act, found at 42 U.S.C. Sec. 12101. However, this argument was not raised in the district court and need not be considered on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Lastly, the district court did not abuse its discretion in refusing to appoint the plaintiff counsel and did not violate the regulations found at 28 C.F.R. Sec. 39.160 by refusing to furnish Shepherd with an "auxiliary aid," when the claims that he presented were inadequate to confer jurisdiction upon that forum.
 
 
 9
 Accordingly, Shepherd's motion for counsel and request for an auxiliary aid is denied, and the district court's order granting the defendants' motions to dismiss for lack of jurisdiction and for failure to state a claim, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.